UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRY KLEIN, derivatively on behalf of LSB INDUSTRIES, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENT C. MCCARTHY, JAYHAWK CAPITAL MANAGEMENT, L.L.C., JAYHAWK INSTITUTIONAL PARTNERS, L.P., JAYHAWK INVESTMENTS, L.P. AND LSB INDUSTRIES, INC.<br><br>　　　　Defendants. | Case No. 07 CIV 8710 |

## ANSWER

Defendants Kent C. McCarthy, Jayhawk Capital Management, L.L.C., Jayhawk Institutional Partners, L.P., and Jayhawk Investments, L.P. (collectively, "Defendants") file this answer to plaintiff Terry Klein's Complaint as follows:

1. Defendants are without information sufficient to admit or deny the allegations of paragraph 1, and therefore, deny them.

2. Defendants are without information sufficient to admit or deny the allegations of paragraph 2, and therefore, deny them.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Paragraph 5 calls for an answer concerning a question of law. Defendants are not required to provide such an answer.

6. Paragraph 6 calls for an answer concerning a question of law. Defendants are not required to provide such an answer.

- 2 -

7. Paragraph 7 calls for an answer concerning a question of law. Defendants are not required to provide such an answer.

8. The first sentence of Paragraph 8 calls for an answer concerning a question of law. Defendants are not required to provide such an answer in respect of that allegation. Defendants deny the allegations in the second sentence of Paragraph 8.

9. Defendants admit the allegations in the first sentence of paragraph 9 and deny the allegations in the second sentence of Paragraph 9.

10. Defendants deny that Partners purchased 3,140 shares of Class C Preferred at a price of $62.55 per share on or about October 17, 2006. Defendants did purchase 3,140 shares of Class C Preferred between March 14, 2006 and May 15, 2006, as follows:

| | |
|---|---|
| 3/14/06: | 200 shares at $57/share |
| 3/15/06: | 100 shares at $58/share |
| 4/21/06: | 340 shares at $58/share |
| 5/9/06: | 500 shares at an average price of $62.97/share |
| 5/10/06: | 500 shares at $65/share |
| 5/11/06: | 500 shares at an average price of $64.80/share |
| 5/12/06: | 500 shares at $65/share |
| 5/15/06: | 500 shares at an average price of $61.24/share |

.

11. In response to the allegations set forth in Paragraph 11, Defendants admit that on October 18, 2006, Investments received 9,210 shares of Class C Preferred, as a result of distributions by Primarius Focus and Primarius Partners, L.P., but Defendants deny that such shares are deemed to constitute "purchases". Defendants also deny that such shares would be valued at a price of $38.79 per share, and they assert that such shares were at such time valued at $60 per share.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

- 2 -

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. In response to the allegations set forth in Paragraph 17, Defendants admit that on December 29, 2006, Investments received 1,600 shares of Class C Preferred, as a result of distributions by BCS Capital, L.P., but Defendants deny that such shares are deemed to constitute "purchases". Defendants also deny that such shares would be valued at a price of $50.39 per share, and they assert that such shares were at such time valued at $89 per share.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19, except that Defendants deny the allegation that such transactions would constitute a "sale" of Class C Preferred shares or that the price per share would be deemed to be $96.94.

20. In response to the allegations set froth in Paragraph 20, Defendants admit that the transactions in question occurred while the Jayhawk Group was a 10% beneficial owner of the Company's Common Stock, but Defendants deny that the transactions constitute "sales and purchases" and deny that the transactions give rise to any liability to Jayhawk or McCarthy.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants incorporate by reference as though set forth with particularity its responses to paragraphs 1 through 22 of the Complaint.

24. In respect of Paragraph 24, Defendants admit that Defendant McCarthy has a pecuniary interest in the transactions described in the complaint but denies the precise characterization of that pecuniary interest as set forth therein.

25. Defendants deny the allegations in paragraph 25.

26. In respect of Paragraph 26, Defendants believe this allegation to be accurate.

WHEREFORE, Defendants requests that Plaintiff's Complaint be dismissed, and the Court provide any further relief it may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff has no standing to allege that the corporation he purports to represent has suffered any injury due to the conduct of Defendants, and therefore cannot bring a derivative action.

3. Plaintiff has no standing to allege that as a shareholder he suffered any injury to himself.

4. Plaintiff as a shareholder is without standing to sue in his individual capacity for damages to the corporation, and therefore this Court lacks subject matter jurisdiction over this matter.

5. Plaintiff does not adequately represent the interests of other shareholders "similarly situated" to himself.

6. Plaintiff's claims are barred by the doctrines of estoppel, laches and waiver.

7. Plaintiff's claims are barred by the business judgment rule.

8. Plaintiff's Complaint should be dismissed to the extent it purports to be a shareholder's derivative action, as it fails to abide by the requisite elements for filing such a suit.

9. Plaintiff's Complaint should be dismissed because the so-called "sale" transactions at issue are exempt pursuant to Rule 16b-3(e) of the Securities Exchange Act of 1934 because Defendants are deemed directors by deputization.

- 5 -

10. Plaintiff's Complaint should be dismissed because certain of the transactions at issue were unorthodox transactions that did not present the possibility for speculative abuse, and therefore are excluded from Section 16(b) liability.

11. Plaintiff's Complaint in respect of some of Plaintiff's claims should be dismissed because certain of the transactions at issue were in-kind distributions made on a pro-rata basis for no consideration in proportion to the respective interests of the distributes, not "sales" or "purchases" under Section 16, and are therefore excluded from Section 16 liability.

12. Defendants reserve the right to assert any additional affirmative defenses as they may arise in the course of this litigation.

Date: December 20, 2007                                SHOOK, HARDY & BACON L.L.P.


By:   /s/ James R. Eiszner
     James R. Eiszner (JE7468)
     Gregory T. Wolf

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone: 816.474.6550
Facsimile 816.421.5547
Attorneys for Defendants

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify the foregoing Answer was electronically filed with the Court's CM/ECF system on this 20th day of December, 2007, and a copy of the same automatically was sent via e-mail notification to the following:

BRAGAR WEXLER & EAGEL PC
885 Third Avenue
New York, New York 10022

OSTRAGER CHONG FLAHERTY & BROITMAN PC
570 Lexington Avenue
New York, New York 10022

Attorneys for Plaintiff

/s/ James R. Eiszner_____
Attorney for Defendants

2737963v1