BRAGAR WEXLER & EAGEL PC
885 Third Avenue
New York, New York 10022
(212) 308-5858

OSTRAGER CHONG FLAHERTY & BROITMAN, PC
570 Lexington Avenue
New York, New York 10022
(212) 681-0600

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERRY KLEIN, derivatively on behalf of LSB INDUSTRIES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>KENT C. MCCARTHY, JAYHAWK CAPITAL MANAGEMENT, L.L.C., JAYHAWK INSTITUTIONAL PARTNERS, L.P., JAYHAWK INVESTMENTS, L.P. and LSB INDUSTRIES, INC.<br><br>    Defendants. | 07 CV 8710 (LTS) |

ORDER AND JUDGMENT

    WHEREAS, plaintiff TERRY KLEIN ("Klein"), a shareholder of nominal defendant LSB INDUSTRIES, INC. ("LSB"), brought this action pursuant to §16(b) of the Securities Exchange Act of 1934 to recover short-swing profits allegedly obtained by defendants KENT C. MCCARTHY, JAYHAWK CAPITAL MANAGEMENT, L.L.C., JAWHAWK INSTITUTIONAL PARTNERS, L.P., and JAYHAWK INVESTMENTS, L.P.

(collectively the "Defendants") in connection with their trading of LSB common stock (the "Action"); and

The parties having advised the Court that they have reached a settlement of all issues in this litigation; and

The Court having concluded after a review of the papers submitted to it that in light of the amount of the recovery and the expense attendant to notice to LSB's equity holders that such notice is not necessary; and

The Court having considered all matters submitted to it;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation of Settlement (a copy of which is annexed hereto as Ex. A) is approved as fair, reasonable and adequate and in the best interests of LSB and all owners of the Company's securities. The parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

2. This Order and Final Judgment shall not constitute any evidence or admission by any of the defendants hereto or any other person that any acts of negligence or wrongdoing have been committed and shall not be deemed to create any inference that there is or was liability therefor. The defendants do not admit either expressly or impliedly that any of them is subject to any liability whatsoever by reason of any of the matters alleged in the

Action.  Said defendants, on the contrary, expressly deny and dispute the existence of any such liability.

    3.  The Action is hereby dismissed on the merits and with prejudice and defendants are hereby discharged and released from any and all liability under or based upon all claims, rights, causes of action, suits, matters and issues that have been asserted in the Action by plaintiff arising from the purchases and/or sale of the shares of LSB alleged in the Complaint in this Action on behalf of herself, by LSB (as to all claims pursuant to Section 16(b) only for matters alleged in the Complaint) and by all owners of any security (as defined in section 3(a)(10) of the Securities Exchange Act of 1934) issued by LSB, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, against defendants in connection with (except for compliance with the Stipulation of Settlement), matters or claims alleged in the Complaint herein.  This Order and Final Judgment shall be final and conclusive with respect thereto.

    4.  The plaintiff, LSB (as to all claims alleged in the Complaint pursuant to Section 16(b) only) and all owners of any security (as defined in section 3(a)(10) of the Securities Exchange Act of 1934) issued by LSB, either individually, directly, derivatively, representatively or in any other capacity are hereby severally and permanently barred and enjoined from instituting or prosecuting any other action as to matters or claims alleged in the Complaint in this Action in any court or tribunal of this or any

other jurisdiction (except for compliance with the Stipulation of Settlement). These claims are hereby compromised, settled, released, discharged and dismissed with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

     5. Plaintiff's counsel are hereby awarded the amount of $54,000 in fees plus $1,000 in disbursements, which sum the Court finds to be fair and reasonable and which shall be paid to plaintiff's counsel according to the terms set forth in the Stipulation of Settlement.

     6. Jurisdiction is hereby reserved over all matters relating to the administration and performance of the Stipulation of Settlement.

                              SO ORDERED:

                              _____
                              United States District Judge